IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV254-01-MU

| | |
|---|---|
| CURTIS SHULER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICHARD NEELY, <u>et al.</u>, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed June 3, 2010.

In his Complaint Plaintiff alleges that on March 31, 2010, he sent three "legal" letters to the mail room. Plaintiff asserts that the next day he received a notice that his legal mail addressed to the Clerk for United States Court of Appeals for the Fourth Circuit and his legal mail addressed to an assistant attorney general were mailed but that his 27-page letter addressed to President Obama had been turned over to the Security Threat Group for verification and approval. On April 2, 2010, in response to this information, Plaintiff filed a grievance stating that his federal rights had been violated and that he had never been a member of a Security Threat Group and as his letter to Obama contained evidence of impeachable crimes by Governor Perdue it was "obvious that the mail room's action was ordered and orchestrated by the Governor's Office." Plaintiff further contends that Defendant Atwater, the mail room supervisor, responded to his "Request for Information" concerning his letter to President Obama by stating that she had checked the legal mail log and it did not list any mail from him to President Obama. She further informed Plaintiff that the mail room

was not holding his mail and that if his mail were being held for any reason he would receive a notice to that effect. Thereafter, Plaintiff received a Step One response to his grievance which indicated that his letter to President Obama was being held by Defendant Miller, the Security Threat Group coordinator, and that it was being held for the F.B.I. to verify that it was not a threat to the President because other inmates had made threats. Plaintiff appealed the denial of his grievance and also wrote a letter to the F.B.I. which included a copy of the grievance and asserted that he feared for his life. Plaintiff then received another response from Defendant Atwater again asserting that his mail was not being held. Plaintiff then filed another grievance repeating nearly everything from the first grievance and also complaining about Defendant Neely's failure to respond to his request form. This grievance was rejected by Defendant Bennett, a programs manager, as repetitive. Plaintiff states that, to date, he has not received any reply from the F.B.I. or a confirmation that his letter to President Obama was mailed. Plaintiff seeks five million dollars in compensatory damages from each Defendant and five million dollars in punitive damages from each Defendant.[1]

In order to state a claim under 42 U.S.C. § 1983, a Plaintiff must establish that one of his constitutional rights or federal statutory rights was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Having reviewed Plaintiff's Complaint, this Court concludes that Plaintiff has failed to state a claim of constitutional magnitude against the named Defendants.

A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. See Heimerle v. Attorney General, 753 F.2d 10, 12-13 (2d Cir. 1985). Isolated incidents of mail mishandling, however, do not rise to the level of a constitutional violation. See

---

[1] The Court takes judicial notice that on at least two prior occasions Plaintiff has filed mail interference Complaints in the United States District Court for the Eastern District of North Carolina which were dismissed. (5:08CT3088-BO and 5:91CT335-F.)

e.g., Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003)(holding that "occasional incidents of delay or non-delivery of mail" are not actionable), aff'd, 88 Fed. Appx. 639 (4th Cir. 2004); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003)(noting that isolated incident of mail tampering is usually insufficient to state a constitutional violation); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990)(holding that an isolated incident of mail mishandling which is not part of any pattern or practice is not actionable under § 1983). In the instant case, Plaintiff has alleged, at most, only a single, isolated incident of mail mishandling.[2] He has not alleged a pattern or practice of mishandling by these Defendants. Indeed, Plaintiff himself admits that two legal letters submitted the same day were mailed. In addition, Plaintiff indicates that it appears that a later letter to the Fourth Circuit and his letter to the F.B.I. were also mailed. As such, this Court finds that even if Plaintiff's allegations are true, he has failed to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim.

Signed: June 15, 2010

Graham C. Mullen
United States District Judge

---

[2] It appears that any interference was a result of precautions taken due to the fact that Plaintiff's letter was addressed to President Obama.

3